UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 24-CR-236-pp

v.

ARLETTA ALLEN,

Defendant.

---

**CRIMINAL PRETRIAL ORDER**

---

At the March 10, 2026 scheduling conference, the court ordered the parties to submit a proposed, joint pre-trial scheduling order; the parties filed that proposed order on April 21, 2026. Dkt. No. 65. Having considered the proposal, the court **ORDERS** the following deadlines:

- 7/10/26 – Government's Expert Disclosures Due;
- 8/10/26 – Defense Expert's Disclosures Due;
- 8/24/26 – Plea Deadline (signed agreement);
- 8/27/26 – Government's other acts notice; Government's provisional notice of defendant's statements and social media it intends to introduce; Government's provisional witness and exhibit list;
- 9/3/26 – Daubert motions (both parties);
- 9/10/26 – Defense provisional witness and exhibit list, Giglio Disclosure;
- 9/17/26 – Motions *in limine* (both parties) and Daubert responses (both parties);
- 10/1/26 – Motions *in limine* responses (both parties);

- 10/8/26 – Disclosure of Jencks material

Additionally, in preparation for trial, the court **ORDERS** that all counsel who will try this case must meet and confer and must make a good-faith effort to prepare a single final pretrial report. The parties must file that final pretrial report no later than **seven (7) days before the final pretrial conference (currently set for October 15, 2026)**, and the principal burden for filing the report rests with counsel for the government. If the court adjourns or continues the final pretrial conference, the due date for the pretrial report is seven (7) days prior to the rescheduled final pretrial conference. The final pretrial report must include the following:

1. A brief summary of the charge**(s)** against the defendant**(s)**, which the court will read to the *venire* during jury selection to inform them of the nature of the case and the identities of the parties;

2. The anticipated length of the trial;

3. Any stipulations the parties have reached;

4. The name, occupation, and city of residence of each potential witness;

5. A short narrative statement detailing the background and qualifications of any expert witness whom either party expects to testify;

6. A complete list of all exhibits the parties expect to offer or reference during the trial. The parties shall pre-mark all exhibits, using the numbering system the court has laid out in its procedures. See www.wied.uscourts.gov/

judges/pamela-pepper (Tips for Practicing Before Judge Pepper, page 8, §VI(H). The parties shall disclose, and provide to, opposing counsel copies of the exhibits they plan to use at trial. If both parties plan to use the same exhibit, the parties shall mark that exhibit with only one exhibit number;

7. Proposed nonstandard *voir dire* questions. See www.wied.uscourts.gov/judges/pamela-pepper (Tips for Practicing Before Judge Pepper, page 9-10, §VII(F);

8. The full text of each proposed Seventh Circuit pattern jury instruction and any proposed non-pattern instructions;

9. A proposed verdict form;

10. A statement regarding whether the parties want the court to provide a court reporter; and

11. A statement as to how many alternate jurors the parties wish to select.

If, after making a good-faith effort, the parties can't agree on particular *voir dire* questions, jury instructions, or forms of verdict, the party proposing the contested questions, instructions or verdict forms must file his or her proposals separately, and must include any case law, argument or other legal support for those proposals. The parties must file their exhibit lists, *voir dire* questions, jury instructions, and verdict forms as PDF attachments to the final pretrial report. In addition, the parties must e-mail a Word version of each of those documents to PepperPO@wied.uscourts.gov. The Word version of the jury

instructions must include the *full text of every instruction*, including the Seventh Circuit pattern instructions.

Parties planning to present their evidence electronically shall contact chambers **at least a week** before trial, to schedule a time to come into the courtroom and test their equipment.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**