UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

*Plaintiff*,

*vs.* Case No. 24-CR-236

ARLETTA ALLEN,

*Defendant*.

---

**JOINT MOTION TO ADJOURN JURY TRIAL AND MODIFY TRIAL SCHEDULE**

Arletta Allen, by counsel, respectfully moves this Court for an adjournment of the jury trial currently scheduled to begin on November 2, 2026. The government, through Assistant United States Attorneys Kelly Watzka and Porchia Lewand, has indicated that it joins this request. Should the Court grant the request, the parties also respectfully request that the Court vacate the remainder of the trial scheduling order and enter a new order with dates and deadlines consistent with the new trial date. In support of the parties' request, undersigned counsel states the following:

1. On December 17, 2024, the government obtained a four-count indictment charging Ms. Allen with arson, in violation of 18 U.S.C. § 844(i); wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; using fire to commit a felony, in violation of 18 U.S.C. § 844(h); and making false statements, in violation of 18 U.S.C. § 1001(a). If convicted of those charges, Ms. Allen faces a mandatory minimum sentence of 15 years in prison.

2. On March 10, 2026, this Court set the final pretrial conference in this matter for October 15, 2026, and scheduled the jury trial to begin on November 2, 2026.

3. On April 22, 2026, this Court issued a scheduling order, setting trial-related deadlines for expert disclosures, *Daubert* motions, and motions in limine.

4. Pursuant to this Court's scheduling order, the government timely filed its Rule 16 expert disclosure on July 10, 2026, identifying six proposed experts. *See* ECF No. 67.

5. Among the government's proposed experts was fire investigator and ATF Special Agent Rick Hankins. The government indicated that SA Hankins intended to testify that the fire at Ms. Allen's restaurant, A Family Affair Soulfood Kitchen, was "incendiary," or intentionally set.

6. The defense likewise timely filed its Rule 16 expert disclosures on August 10, 2026. Among the defense's proposed experts was Dr. Michael Synodis, a professional engineer and certified fire and explosion investigator with a Ph.D. in chemical and biomolecular engineering from the University of Pennsylvania. ECF No. 68. As noted in his expert disclosure, Dr. Synodis intended to testify, in part, that insufficient testing had been carried out on four lithium-ion battery cells found at the origin of the fire; that the battery cells could not be ruled out as a potential cause of the fire; and because there were

multiple potential causes for the fire, the cause of the fire must be classified as "undetermined" under NFPA 921.

7. On September 3, 2026, the defense filed a motion to exclude or limit portions of SA Hankins's testimony and requesting a *Daubert* hearing. ECF No. 73. Specifically, the defense sought to exclude SA Hankins's opinion that the fire was incendiary, as well as his opinion regarding the whether the lithium-ion battery cells could be excluded as a potential cause of the fire. The defense argued that Hankins's opinion that the fire was incendiary did not follow the methodology outlined in the NFPA 921 because the batteries had not been sufficiently tested and ruled out as a potential cause of the fire.

8. On September 24, 2026, the government responded to the defense's *Daubert* challenge. ECF No. 77. In its response, the government indicated that "in light of Dr. Synodis' claims" that there was "insufficient testing of the batteries recovered at the fire scene to exclude them as a potential cause of the fire," the batteries were re-examined by ATF Electrical and Fire Research Engineer Cameron Novak. *See* ECF No. 77 at 7 n.3. The government indicated that a "supplemental report and related images [would] be produced to the defense as soon as they are available." *Id.*

9. On October 1, 2026, the defense filed its reply in support of its *Daubert* motion. At the time of its reply, the defense had not yet received the supplemental report regarding the additional examination of the lithium-ion battery cells that are at the heart of the defense's *Daubert* challenge.

10. The government received Mr. Novak's supplemental report and related images on October 6, 2026, and produced those materials on a hard drive to the defense the following morning, on October 7, 2026. However, the defense's expert, Dr. Synodis, requires the raw data underlying the report in order to conduct his own, independent review.

11. The defense requested the additional raw data yesterday evening.

12. This morning, the government informed the defense that Mr. Novak was shipping the requested materials and that the government anticipated receiving them either tomorrow or Friday. The government requested a 100GB drive so it could copy and deliver the materials to the defense. Counsel's office has delivered the requested drive to the U.S. Attorney's Office.

13. Given that timeframe, Dr. Synodis is unlikely to receive the raw data until next week – just three weeks before trial – leaving little time for his analysis and to write a report.

14. The parties seek an adjournment of the jury trial to allow the defense's expert witness, Dr. Synodis, sufficient time to review the raw data from the additional examination of the battery cells and prepare any necessary report regarding his findings. The government has indicated that it may wish to file a response to any report. As noted above, the lithium-ion battery cells and the results of their examination are central to the defense's *Daubert* challenge. An adjournment would give the parties time to supplement their expert disclosures and *Daubert* briefing and allow the Court to resolve the challenge on a complete record, avoiding piecemeal litigation.

15. Further, the underlying issue of whether the battery cells can be ruled out as a potential cause of the fire will be a central issue at trial. An adjournment will allow the parties' experts to fully evaluate the additional examination results and ensure that their testimony on this critical issue is informed by all available evidence.

For those reasons, the parties respectfully request an adjournment of the jury trial in this matter. Should this Court grant the parties' request, they also respectfully ask that the Court vacate the remainder of the trial scheduling order, convert the final pretrial conference to a telephone scheduling conference to select a new trial date that works for both the Court and the parties, and issue a new scheduling order consistent with the new trial date. The parties additionally request that the Court hold the deadline for the final

pretrial report in abeyance until the Court rules on their request for an adjournment, and make a Speedy Trial finding in the interest of justice.

Dated at Milwaukee, Wisconsin this 7th day of October, 2026.

Respectfully submitted,


*/s/ Craig W. Albee*
Craig W. Albee, WI Bar #1015752
Federal Defender Services
of Wisconsin, Inc.
411 E. Wisconsin Avenue, Suite 2310
Milwaukee, WI 53202
Tel. (414) 221-9900
Email: craig_albee@fd.org

*/s/ Dennise Moreno*
Dennise Moreno, NY Bar #5797154
Federal Defender Services
of Wisconsin, Inc.
411 E. Wisconsin Avenue – Suite 2310
Milwaukee, WI 53202
Tel. (414) 221-9900
Email: dennise_moreno@fd.org

*Counsel for Defendant*, Arletta Allen